ELLIS, Judge:
This ease, which is consolidated with the cases of Belton v. Ransome, No. 9578, and Taylor v. Ransome, No. 9579, for trial, arises out of an automobile accident. The vehicles involved are an automobile owned and operated by Ernest Taylor, and a pick-up truck owned by Charles W. Hogg Company, Inc., and operated by Joseph H. Ransome, its employee. Alize Lee McCray and Elouise Early Beltpn were guest passengers in the Taylor vehicle.
Plaintiffs in this suit are Alize Lee McCray and her husband, Charlie McCray. In suit No. 9578, plaintiffs are Elouise Early Belton and her husband, Horace G. Belton. In suit No. 9579, the plaintiff is Ernest Taylor. All are seeking damages for personal injuries and special damages arising out of the accident. Defendants in all three cases are Joseph H. Ransome, Charles W. Hogg Company, Inc. and Insurance Company of North America, their insurer.
After trial on the merits, judgments were rendered in favor of defendants in all three cases, dismissing plaintiffs’ demands, and plaintiffs have appealed.
The accident happened during daylight hours on a gravel road known as the Plains-Port Hudson Road, which runs in a general east-west direction, and which is characterized by the witnesses as a winding road. The accident happened in a sharp curve of almost 180 degrees, curving to the right as one approached it from the west. Mr. Ransome testified that he approached the curve from the west at a rate of speed of about 30 miles per hour. He entered the curve and, when about half way through it, was suddenly confronted with the Taylor vehicle, almost head on. He said he applied his brakes and skidded about forty feet to the point of impact. His truck came to rest about two feet therefrom, in the ditch on his right hand side of the road. He stated that the Taylor vehicle was in the middle of the road.
Plaintiffs testified that Mr. Taylor entered the curve from the east at a slow rate of speed. When they heard the truck approaching, Mr. Taylor pulled to his right and almost came to a stop, but his vehicle was hit by the defendant’s truck. They testified that their vehicle came to rest in the ditch on their right hand side of the road.
*807 The trooper who investigated the accident did not testify. Another point of evi-dentiary value is that Mr. Ransome entered a plea of guilty to prima facie speeding. He said he did this because the trooper told him he should have been going more slowly. We also note that in their petitions and in the pre-trial order, plaintiffs concede that the Taylor vehicle was “a little over the mythical center line” of the road at the time of the collision, although their testimony is to the contrary.
In this court, plaintiffs argue that the trial court erred in assigning the burden of proof to the plaintiffs. They argue that R.S. 32:227 places that burden on one who is guilty of prima facie speeding. Unfortunately for plaintiffs, the R.S. 32:-227 to which they refer was repealed in 1962 when the present Highway Regulatory Act was adopted. The present general speed law, R.S. 32:64, does not contain the provisions of former R.S. 32:227 relied on by plaintiffs. Plaintiffs must carry the burden of proving defendant’s negligence.
The other specifications of error relate to the failure of the court to find negligence on the part of Mr. Ransome. If plaintiffs’ testimony is accepted, defendant was negligent in speeding and being on the wrong side of the road, and Mr. Taylor was not negligent. If Mr. Ransome’s testimony is accepted, Mr. Taylor was negligent in being on the wrong side of the road, and Mr. Ransome was not negligent. The trial judge obviously was unable to accept plaintiffs’ testimony, and we find no manifest error in his conclusion in that respect. Absent a finding of negligence on the part of Mr. Ransome, neither the driver nor the guest passengers in the Taylor car can recover from the defendants.
JUDGMENT IN NUMBER 9577
The judgment appealed from is therefore ^affirmed, at plaintiffs’ cost.
Affirmed.
JUDGMENT IN NUMBER 9578
This case, which was consolidated for trial with McCray v. Ransome, No. 9577, arises out of the same automobile accident. For the reasons expressed in our opinion in that case, the judgment appealed from herein is affirmed, at plaintiffs’ cost.
Affirmed.
JUDGMENT IN NUMBER 9579
This case, which was consolidated for trial with McCray v. Ransome, No. 9577, arises out of the same automobile accident. For the reasons expressed in our opinion in that case, the judgment appealed from herein is affirmed, at plaintiff’s cost.
Affirmed.